CHRIS ROSFJORD, WSBA #37668
ROSFJORD LAW, PLLC
6725 22nd Ave NW
Seattle, WA 98107
(206) 321-4849
Email: rosfjordlaw@gmail.com
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOSH THOMAS, an individual,<br><br>　　　　Plaintiff,<br><br>v.<br><br>MERCHANTS CREDIT ASSOCIATION, a Washington corporation,<br><br>　　　　Defendant. | CASE NO.<br><br>**COMPLAINT FOR DAMAGES**<br><br>**[JURY DEMAND]** |

Plaintiff JOSH THOMAS, by and through his attorney, Chris Rosfjord of Rosfjord Law, PLLC, alleges as follows:

## I. PARTIES

1. Plaintiff JOSH THOMAS ("Plaintiff") is an individual residing in Kitsap County, Washington in this District.

2. Upon information and belief, Defendant MERCHANTS CREDIT ASSOCIATION ("Defendant" or "Merchants") is a Washington corporation with its principal place of business located in Redmond, Washington in this District.

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this Complaint pursuant to 28 USC § 1331(a), 15 USC § 1861p, 15 USC § 1640, and 28 USC § 1367.

4. This Court has personal jurisdiction over Defendant Merchants because

Complaint for Damages
*(Thomas v. Merchants Credit Corporation)*
Page 1 of 9

ROSFJORD LAW PLLC
6725 22nd Ave NW
Seattle, WA 98107
(206) 321-4849

Defendant Merchants principal place of business is located in this District.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2).

## III. FACTUAL ALLEGATIONS

6. In or about September, 2016, Plaintiff Thomas received medical services Virginia Mason Medical Center in.

7. When submitting the billing to Plaintiff Thomas' insurance provider, Virginia Mason Medical Center incorrectly designated the services as "hospital services", instead of a regular visit with labwork.

8. Due to the incorrect designation, Plaintiff Thomas' insurance provider denied coverage for the billing.

9. Plaintiff Thomas notified Virginia Mason Medical Center of the billing error, but did not receive a response.

10. In May 2018, Plaintiff Thomas received a collection letter from Defendant Merchants attempting to collect on the Virginia Mason Medical Center medical bill.

11. After receiving the collection letter, Plaintiff Thomas informed Defendant Merchants of the erroroneous Virginia Mason Medical Center medical bill and that he disputed that he owed any money for the medical services provided by Virginia Mason Medical Center because those should have been covered by his insurance provider.

12. Despite Plaintiff Thomas' written notification to Defendant Merchants that he disputed the Virginia Mason Medical Center medical bill, Defendant Merchants simply ignored Plaintiff Thomas' communication and simply reported the medical bill as delinquent to the credit bureaus two months later.

13. In or about January 2019, Plaintiff Thomas discovered another negative mark placed on his credit reports by Defendant Merchants related to a second medical

Complaint for Damages
*(Thomas v. Merchants Credit Corporation)*
Page 2 of 9

ROSFJORD LAW PLLC
6725 22nd Ave NW
Seattle, WA 98107
(206) 321-4849

1  debt that Plaintiff Thomas is disputing. Defendant Merchants did not send Plaintiff
2  Thomas a statement, debt collection letter, or another type of communication regarding
3  the second medical debt prior to reporting it to the credit bureaus.

4  14.   Plaintiff Thomas has disputed the medical debts with both the medical
5  providers and with the credit bureaus, as well as with Defendant Merchants.

6  15.   Plaintiff Thomas has not received any information regarding what, if any,
7  investigation Defendant Merchants has conducted into the two disputed medical debts
8  that it incorrectly reported to the credit bureaus.

9  16.   Upon information and belief, Defendant Merchants has not conducted any
10  investigation into the two disputed medical debts that it incorrectly reported to the credit
11  bureaus.

## IV. CLASS ACTION

17.   Plaintiff brings this action on behalf of a nationwide class preliminarily defined as:

> All individuals residing in the United States who, during the three years prior to the date this Complaint was filed, had erroneous information reported to the credit reporting agencies by Defendant Merchants regarding their Merchants account(s) which Defendant Merchants knowingly failed to correct (the "Nationwide Class").

Excluded from the Nationwide Class are Defendant; any agent, affiliate, parent, or subsidiary of Defendant; any entity in which Defendant has a controlling interest; any officer or director of Defendant; any successor or assign of Defendant; and any Judge to whom this case is assigned as well as his or her staff and immediate family.

18.   Plaintiff also brings this action on behalf of a Washington State class primarily defined as:

> All individuals residing in Washington State who, during the three years prior to the date this Complaint was filed, had erroneous information reported to the credit reporting agencies by Defendant Merchants

Complaint for Damages
*(Thomas v. Merchants Credit Corporation)*
Page 3 of 9

ROSFJORD LAW PLLC
6725 22nd Ave NW
Seattle, WA 98107
(206) 321-4849

regarding their Merchants account(s) which Defendant Merchants knowingly failed to correct (the "Washington State Class").

Excluded from the Washington State Class are Defendant; any agent, affiliate, parent, or subsidiary of Defendant; any entity in which Defendant has a controlling interest; any officer or director of Defendant; any successor or assign of Defendant; and any Judge to whom this case is assigned as well as his or her staff and immediate family.

19. These classes are collectively referred to herein as the "Class." Plaintiff reserves the right to amend these class definitions.

20. Plaintiff satisfies the numerosity, commonality, typicality, and adequacy prerequisites for suing as a representative party under Rule 23.

21. **Numerosity.** The proposed Class reportedly consists of hundreds, if not thousands, of members–far too many to join in a single action, and although the Washington Class may be smaller, on information and belief the Washington Class still consists of hundreds, if not thousands, of members, at a minimum, and also satisfies the numerosity requirement.

22. **Ascertainability.** Class members are readily identifiable from information in Defendant's possession, custody, or control.

23. **Typicality.** Plaintiff's claims are typical of Class members' claims as each arises from Defendant Merchants's wrongful actions in the course of attempting to collect a debt.

24. **Adequacy.** Plaintiff will fairly and adequately protect the interests of the proposed Class. His interests do not conflict with Class members' interests and he has retained experienced counsel to vigorously prosecute this action on behalf of the Class.

25. **Commonality.** Plaintiff's and Class members' claims raise predominantly common factual and legal questions that can be answered for all Class members

Complaint for Damages
*(Thomas v. Merchants Credit Corporation)*
Page 4 of 9

ROSFJORD LAW PLLC
6725 22nd Ave NW
Seattle, WA 98107
(206) 321-4849

through a single class-wide proceeding. For example, to resolve any Class member's claims, it will be necessary to answer the following questions. The answer to each of these questions will necessarily be the same for each class member.

    A.    Whether the Class members had erroneous information reported to the credit reporting agencies by Defendant Merchants regarding their Merchants account(s) which Defendant Merchants knowingly failed to correct;

    B.    Whether Defendant Merchants's conduct resulted in defamation of Class members;

    C.    Whether Defendant Merchants's conduct violated the Fair Credit Reporting Act;

    D.    Whether Defendant Merchants's conduct violated the Washington Consumer Protection Act;

    E.    Whether Plaintiff and the Class are entitled to damages, civil penalties, punitive damages, and/or injunctive relief.

26.    In addition to satisfying the prerequisites of Rule 23(a), Plaintiff satisfies the requirements for maintaining a class action under Rule 23(b). Common questions of law andfact predominate over any questions affecting only individual members and a class action is superior to individual litigation.

## V. CAUSES OF ACTION

A.    FIRST CLAIM FOR RELIEF – DEFAMATION

(On Behalf of Plaintiff and All Classes)

27.    Plaintiff re-alleges and hereby incorporates by reference Paragraphs 1 through 26 above.

28.    The statements Defendant Merchants made about Plaintiff Thomas'

Complaint for Damages
*(Thomas v. Merchants Credit Corporation)*
Page 5 of 9

ROSFJORD LAW PLLC
6725 22nd Ave NW
Seattle, WA 98107
(206) 321-4849

medical debts being delinquent were and continue to be false and defamatory. Defendant Merchants has willfully and maliciously made negative statements to credit reporting agencies regarding respective Class members' credit accounts.

29. The false and defamatory statements Defendant Merchants made about Plaintiff Thomas and the Class members are defamatory *per se* because they have deprived Plaintiff Thomas and the Class members of the benefit of public confidence and social intercourse and have injured him in his occupation.

30. The false and defamatory statements Defendant Merchants made about Plaintiff Thomas and the Class members are not and were not privileged.

31. As a direct and proximate result of Defendant Merchants's defamatory statements, Plaintiff Thomas and the Class members have suffered damages, including, but not limited to, emotional distress, humiliation, damage to his credit and reputation, and lost business opportunities, in an amount to be proven at trial.

**B.   SECOND CLAIM FOR RELIEF – VIOLATION OF THE WASHINGTON STATE CONSUMER PROTECTION ACT, RCW 19.86, *et seq.***

**(On Behalf of Plaintiff and All Classes)**

32. Plaintiff re-alleges and hereby incorporates by reference Paragraphs 1 through 31 above.

33. Defendant Merchants employed unfair and deceptive acts and practices in the conduct of a trade or business in violation of the Washington Consumer Protection Act, RCW 19.86, *et seq*, by willfully and maliciously inaccurately reporting information regarding Plaintiff Thomas' debts and the Class members' debts being delinquent to the credit bureaus.

34. Defendant Merchants's unfair and deceptive acts and practices have the capacity to deceive a substantial portion of the public.

35. Defendant Merchants's unfair and deceptive acts and practices have an

Complaint for Damages
(*Thomas v. Merchants Credit Corporation*)
Page 6 of 9

ROSFJORD LAW PLLC
6725 22nd Ave NW
Seattle, WA 98107
(206) 321-4849

impact on public interest because there is a likelihood that the acts will be repeated with other persons.

36. As a direct and proximate result of Defendant Merchants's unfair and deceptive acts and practices, Plaintiff Thomas and the Class members have incurred damages in an amount to be proven at trial.

37. Pursuant to RCW 19.86.90, Plaintiff Thomas and the Class members are entitled to an award of treble damages.

38. Pursuant to RCW 19.86.90 and 19.86.140, Plaintiff Thomas and and the Class members entitled to payment of reasonable attorney fees and costs and civil penalties by Defendant Merchants.

C. THIRD CLAIM FOR RELIEF – WILLFUL AND NEGLIGENT VIOLATIONS OF THE FAIR CREDIT REPORTING ACT – 15 USC § 1681n and 15 USC § 1681o
(Plaintiff Thomas)

39. Plaintiff re-alleges and hereby incorporates by reference Paragraphs 1 through 38 above.

40. Defendant Merchants willfully ignored Plaintiff Thomas' requests to investigate debts with medical providers that Plaintiff Thomas disputed.

41. In violation of 15 USC § 1681s-2, Defendant Merchants knowingly and willfully reported inaccurately to the credit reporting agencies that Plaintiff Thomas was delinquent on two medical debts that it knew Plaintiff Thomas disputed.

42. Upon information and belief, in violation of 15 USC § 1681s-2, Defendant Merchants failed to promptly notify the consumer reporting agencies that Defendant Merchants was inaccurately reporting that Plaintiff Thomas is delinquent on the two disputed medical debts.

43. In violation of 15 USC § 1681s-2, Defendant Merchants failed to promptly notify Plaintiff Thomas that Defendant Merchants was reporting to the credit bureaus

Complaint for Damages
*(Thomas v. Merchants Credit Corporation)*
Page 7 of 9

ROSFJORD LAW PLLC
6725 22nd Ave NW
Seattle, WA 98107
(206) 321-4849

that Plaintiff Thomas was delinquent on the second disputed medical debt.

44. Plaintiff Thomas has been damaged by Defendant Merchants's willful and inaccurate reporting of his that Plaintiff Thomas is delinquent on the two disputed medical debts.

45. Pursuant to 15 USC § 1681n(a)(1)(A), Plaintiff Thomas is entitled to his actual damages of at least $100.00 and up to $1000.00 for each of Defendant Merchants's willful violations of its duties under 15 USC § 1681s-2 to be proven at trial.

46. Pursuant to 15 USC § 1681n(a)(2), Plaintiff Thomas is entitled to punitive damages for each of Defendant Merchants's willful violations of its duties under 15 USC § 1681s-2 to be proven at trial.

47. Pursuant to 15 USC § 1681n(a)(3), Plaintiff Thomas is entitled to his reasonable costs and attorney fees.

48. Pursuant to 15 USC § 1681o(a)(1), Plaintiff Thomas is entitled to his actual damages incurred as a result of Defendant Merchants's negligent violations of its duties under 15 USC § 1681s-2 to be proven at trial.

49. Pursuant to 15 USC § 1681o(a)(2), Plaintiff Thomas is entitled to his reasonable costs and attorney fees.

## VI. JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Josh Thomas respectfully requests a trial by jury on all issues properly triable by jury.

## VII. PRAYER FOR RELIEF

Plaintiff Thomas, on behalf of himself and the proposed Class, seeks the following relief:

1. An order certifying the proposed Class pursuant to Federal Rule of Civil Procedure 23 and appointing Plaintiff and his counsel to represent the Class;

2. An award of damages in an amount to be proven at trial;

Complaint for Damages
*(Thomas v. Merchants Credit Corporation)*
Page 8 of 9

ROSFJORD LAW PLLC
6725 22nd Ave NW
Seattle, WA 98107
(206) 321-4849

3.  An award of punitive damages, pursuant to 15 USC § 1681n(a)(2);

4.  An award of treble damages, pursuant to RCW 19.86.90;

5.  An award of civil penalties, pursuant to RCW 19.86.140;

6.  An award of reasonable attorney fees and other costs incurred out of the necessity of having to bring this litigation;

7.  An award of pre-judgment and post-judgment interest;

8.  Leave to amend this Complaint to conform to the evidence;

9.  Such other and further relief as this Court may deem just and equitable.

DATED this 26th day of July, 2019,

ROSFJORD LAW PLLC

Chris Rosfjord, WSBA #37668
Attorney for Plaintiff

FREEMAN LAW FIRM, INC.

/s/ Spencer Freeman
Spencer Freeman, WSBA #25069
Attorney for Plaintiff

Complaint for Damages
(Thomas v. Merchants Credit Corporation)
Page 9 of 9

ROSFJORD LAW PLLC
6725 22nd Ave NW
Seattle, WA 98107
(206) 321-4849